SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**STEVEN CHAMBERLIN, TXSB #24095296**
Assistant United States Attorney
steven.chamberlin@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00246-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RICHARD LEE GRIGSBY,** | |
| **Defendant.** | |

The United States is recommending a sentence of 41 months imprisonment, followed by three years of supervised release. This sentencing recommendation appropriately balances the aggravated facts and the defendant's significant criminal history against the defendant's age and significant health issues.   As such, the Government's recommendation of 41 months imprisonment is a sentence sufficient, but not greater than necessary.

## I.     FACTUAL SUMMARY

On February 14, 2025, Portland Police receive a call regarding a stolen vehicle located near a homeless camp. Portland Police located the stolen vehicle driving into a nearby gas station. Police Officers attempted to perform a traffic stop on the stolen vehicle, by blocking it

**Government's Sentencing Memorandum**                                                    **Page 1**

in. The driver of the stolen vehicle crashed into one of the police vehicles in an attempt to flee. A Portland Police Officer rammed the front of the stolen vehicle and pushed it into a berm to stop it from fleeing. Both the passenger and driver were taken into custody by the Portland Police. The driver was identified as Richard Lee Grigsby, the Defendant.

Portland Police Officers searched the vehicle and located a black backpack next to the driver seat.



Inside the black backpack Officers found a Smith & Wesson MP9 9mm firearm with a loaded magazine. Officers located a 30 round high-capacity magazine inside the black backpack that was compatible with the Smith & Wesson MP9 9mm firearm. Officers would later determine the Smith & Wesson MP9 9mm firearm was stolen.

///

///

**Government's Sentencing Memorandum**                                    **Page 2**



Officers were aware the Defendant was an active Krude Rude Brood gang member as well as a convicted felon.

The Defendant was interviewed regarding the firearm and after *Miranda* waivers, agreed to speak with law enforcement. The Defendant initially claimed the passenger entered the stolen vehicle with the black backpack. After the Defendant was told the firearm would be swabbed for DNA, changed his story and admitted he had stolen the firearm from his father as he needed it for protection.

Officers confirmed that the Defendant was previously convicted of a felony offense.

///

///

**Government's Sentencing Memorandum**                                      **Page 3**

**GUIDELINES**

Probation has scored the Defendant's case in the following manner, USSG §2K2.1(a)(4)(B) states if the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine…the base offense level is 20. PSR ¶ 27. USSG §2K2.1(b)(4)(A) provides if any firearm was stolen, increase by 2 levels. PSR ¶ 28. USSG §2K2.1(b)(7)(B), cites if the defendant used or possessed any firearm or ammunition in connection with another felony offense, increase by 4 levels. PSR ¶ 29. However, Probation determined this enhancement did not apply. The Government disagrees with this determination, although, due to the terms of the plea agreement, the Government has not objected to the lack of its application in this case. Pursuant to USSG §3E1.1(a) and (b), if defendant has clearly demonstrated acceptance of responsibility for the offense the offense is decreased by two levels and an additional one level decrease by timely notifying the Government of his intent to plea guilty. The Defendant ultimately scores at a total offense level of 19.

II.      **DEFENDANT'S CRIMINAL HISTORY**

| Date | Location | Charges | Sentence | CH Points |
|------|----------|---------|----------|-----------|
| 9/16/2001 | Clackamas County | Driving Under the Influence of Intoxicants (Juvenile Misd.) | DIVR, Revoked with 24 months Prob. | 0 |
| 4/3/2004 | Clatsop County | Driving Under the Influence of Intoxicants | 30 days imprisonment | 0 |
| 4/20/2005 | Multnomah County | Criminal Driving While Suspended | 3 days imprisonment | 0 |
| 10/10/2007 | Columbia County | Criminal Driving While Suspended | 18 months Prob., Revoked 45 days imprisonment | 0 |

**Government's Sentencing Memorandum**                                   **Page 4**

| 3/26/2009 | Washington County | Unauthorized Use of a Vehicle (Misd.) | 2 years Prob., revoked extended four years | 0 |
|---|---|---|---|---|
| 2/26/2012 | Multnomah County | Unauthorized Use of a Vehicle / Possession of Methamphetamine | 12 months imprisonment, PPS revoked 13 months imprisonment | +3 |
| 5/12/2014 | Marion County | Unauthorized Use of a Vehicle | 18 months imprisonment | +3 |
| 10/12/2016 | Clackamas County | Fleeing or Attempting to Elude | 10 days imprisonment, Prob. Revoked 180 days imprisonment | +2 |
| 10/31/2017 | Multnomah County | Possession of Methamphetamine (Misd.) | Treatment, revoked 30 days imprisonment | +1 |
| 8/29/2019 | Multnomah County | Fleeing or Attempting to Elude | 18 months Prob. | +1 |
| 11/4/2019 | Multnomah County | Driving While Suspended | 18 months Prob. | +1 |
| 5/26/2020 | Multnomah County | Fleeing or Attempting to Elude | 18 months Prob. | +1 |
| 3/5/2021 | Multnomah County | Driving While Suspended | Fine | 0 |
| 4/21/2023 | Multnomah County | Unauthorized Use of a Vehicle | 22 months imprisonment | +3 |
| 5/30/2025 | Multnomah County | Fleeing or Attempting to Elude | 30 days imprisonment | +1 |

The defendant scores fifteen criminal history points, which gives him a Criminal History Category VI. PSR ¶ 54.

## III.    PRETRIAL PERFORMANCE

The Defendant has remained in federal custody for this offense.

///

**Government's Sentencing Memorandum**                                          **Page 5**

## IV.     SENTENCING RECOMMENDATION

While the Defendant correctly scores at a total offense level of 19 with a criminal category VI, establishing a guideline range of 63-78 months. The Government will be making a recommendation consistent with the terms of the plea agreement. The Government's offer contemplated the Defendant's scoring with a base offense level 14, a two-point enhancement for possessing a stolen firearm was agreed to, as well as an additional four-point increase for possessing the firearm in furtherance of another felony, followed by a three-point reduction for acceptance of responsibility and an additional two-point reduction pursuant to 18 USC § 3553(a). Thereby setting the Defendant's total offense level at 15, a criminal history category of VI, with a guideline range of 41-51. The Government also agreed to request a sentence at the low end of the range.

The 41-year-old Defendant has been stealing cars since 2012, fleeing from law enforcement since 2009, and failing to comply with Court orders since 2002. The Defendant's shown a willingness to put the lives of the public in jeopardy so that he may escape minimal driving violations. The Defendant's reckless disregard for the public, despite his age that would statistically show a decrease in criminal behavior, taken with his obstreperous attitude toward Court orders, along with his history of drug abuse, suggests he will continue to be a danger to his community. Now he has chosen to significantly increase the danger he poses to the community by illegally possessing a firearm while he is caught driving a stolen vehicle.

///

///

///

///

**Government's Sentencing Memorandum**                                                    **Page 6**

Therefore, the Government respectfully requests the Court vary downward and impose a sentence of 41 months in the custody of the Bureau of Prisons followed by three years of supervised release. This sentence is sufficient but not greater than necessary considering all relevant circumstances, including the defendant's conduct, criminal history, and age.

Dated: August 4, 2026.                              Respectfully submitted,

                                                    SCOTT E. BRADFORD
                                                    United States Attorney

                                                    */s/ Steven Chamberlin*
                                                    STEVEN CHAMBERLIN, TXSB #24095296
                                                    Assistant United States Attorney

**Government's Sentencing Memorandum**                              **Page  7**