Mark Ahlemeyer, OSB #095997
Assistant Federal Public Defender
Email: Mark_Ahlemeyer@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00246-IM-1 |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| RICHARD LEE GRIGSBY, | |
| Defendant. | |

Defendant, Richard Lee Grigsby, through his counsel Mark Ahlemeyer, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). A sentencing hearing is currently scheduled for August 17, 2026.

On May 21, 2026, Mr. Grigsby pleaded guilty to Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(l). At the time of his guilty plea, his criminal history category was V, and the parties anticipated a final offense level of 15. The resulting advisory range would have been 37-46 months' incarceration. However, because Mr. Grigsby was written into state custody and resolved two outstanding cases between the

Page 1 Defendant's Sentencing Memorandum

federal plea and sentencing, his criminal history category has now increased to category VI, and his advisory range has increased. The defense anticipated jointly recommending the initial low-end sentence the parties negotiated—37 months—and will continue to do so. However, because the recent state court proceedings will dramatically affect the pretrial detention credits Mr. Grigsby would have been statutorily entitled to, the defense will also respectfully request that the Court vary downward to account for pretrial credit that was anticipated, but will no longer be credited.

**APPLICABLE LAW**

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;

- To afford adequate deterrence to criminal conduct;

- To protect the public from further crimes of the defendant; and

- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7);

*United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, the parties anticipated a guideline outcome that the United States Probation Office (USPO) disagrees with. The end result is that the USPO calculated an advisory range that is two levels higher than what the parties' believed was correct. Further, as noted above, Mr. Grigsby's criminal history category increased after his change-of-plea due to the resolution of two outstanding state cases. Outside of the guideline adjustment, there are no facts that have changed with respect to Mr. Grigsby or his prior conduct. At sentencing, the defense will respectfully request that the Court find the parties' initial sentencing recommendation of 37 months' imprisonment—minus the pretrial credits Mr. Grigsby has now lost—to be a sufficient, but not greater than necessary, punishment in this case.

Dated: August 12, 2026.

*s/ Mark Ahlemeyer*
Mark Ahlemeyer, OSB #095997

Page 3 Defendant's Sentencing Memorandum